# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-04046-SVW-PJW | Date | August 11, 2017 |
| Title | *Acumen Communications, Inc., et al. v. Motorola Solutions, Inc., et al.* | | |

**Present: The Honorable** STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER MOTION to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Motorola Solutions, Inc.17], and MOTION to Remand Case to Los Angeles Superior Court filed by Plaintiffs Acumen Communications, Inc., Metro Two Way LLC [19]

## I.   INTRODUCTION

The Court has previously had this case before it and remanded the case for lack of federal jurisdiction on February 14, 2017. *See Acumen Communications, Inc. v. City of Covina, et al.*, Case No. 2:15-cv-07335-SVW ("*Acumen I*"), dkt. 75. In remanding the case, the Court found that Plaintiff's claims did not necessarily rely on allegations that Defendants violated FCC rules, and thus did not fall under the broad pre-emption of the FCA. *See id.* The Court found that the gravamen was a bid-rigging conspiracy in which Motorola and co-conspirators would essentially rig the requests for proposals process from certain cities in the San Fernando Valley to ensure that Motorola won the contract.

After remand, however, Plaintiff amended their complaint to include state law intentional tort claims. They also included new defendants, none of which reside in California. Thus, Defendants removed again based on both federal questions jurisdiction and diversity. Currently before the Court is Plaintiff's motion to remand, dkt. 19, and Defendant's motion to dismiss, dkt. 17.[1]

---

[1] The Court went over the facts extensively in its previous order, *see Acumen I* at dkt. 75, and thus need not repeat them here.

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-04046-SVW-PJW | Date | August 11, 2017 |
|---|---|---|---|
| Title | *Acumen Communications, Inc., et al. v. Motorola Solutions, Inc., et al.* | | |

## II. LEGAL STANDARD

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. Fed. R. Civ. Proc. 12(b)(6). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted). "Allegations in the complaint, together with reasonable inferences therefrom, are assumed to be true for purposes of the motion." *Odom v. Microsoft Corp*, 486 F.3d 541, 545 (9th Cir. 2007).

### B. Diversity Jurisdiction

A case may be removed under 28 U.S.C. § 1441 if the notice of removal is timely and the requirements for jurisdiction under 28 U.S.C. § 1332 are met. These requirements are that there is complete diversity between the plaintiffs and defendants and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

## III. ANALYSIS

### A. Diversity Jurisdiction

Plaintiff does not dispute that diversity jurisdiction existed at the time of removal, but instead claims that Defendant waived any argument that removal was proper based on diversity jurisdiction because they were aware of such jurisdiction as early as December, 2016. The Court does not find that Defendant waived their right to remove this case based on diversity jurisdiction. When the case was first removed to federal court there was no diversity jurisdiction. In December, 2016, when diversity

: _____  _____

Initials of Preparer    PMC

**CIVIL MINUTES - GENERAL**    Page 2 of 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-04046-SVW-PJW | Date | August 11, 2017 |
|---|---|---|---|
| Title | *Acumen Communications, Inc., et al. v. Motorola Solutions, Inc., et al.* | | |

jurisdiction may have first been established, the case was already in federal court and the only issue the Court asked the parties to brief was federal question jurisdiction. Plaintiff cites no authority that Defendant's failure to immediately inform the Court of a new potential reason for jurisdiction, despite the Court requested briefing only on federal question jurisdiction, constitutes a waiver. Thus, the Court finds that removal based on diversity is proper and DENIES the motion to remand.

### B. Motion to Dismiss

As for the motion to dismiss, Plaintiff does not dispute that the intentional tort claims rely on FCA violations. Instead, Plaintiff re-argues that the Court should not exercise federal question jurisdiction and therefore should not dismiss these claims. Since the Court finds jurisdiction is proper through diversity, Defendant's argument in this regard remains unrebutted. Further, Defendant is clearly correct that the intentional tort claims are premised on radio interference. But-for the radio interference, Plaintiff would not have lost any business and therefore would not have suffered any economic damages. Thus, these claims are more analogous to those found pre-empted in *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 997 (6th Cir. 1994) than the bid-rigging allegations the Court previously distinguished from *Broyde*. See *Acumen I* at dkt. 75.

Finally, Plaintiff further does not dispute that only restitution and injunctive relief are available under there last remaining claim pursuant to California Business and Professions Code §§ 17200, et seq. Thus, since Plaintiff does not plead restitution and cannot obtain injunctive relief—due to the admission that the radio frequency interference has been cured—this claim also fails. Further, Plaintiff does not adequately plead an injury. Beyond conclusory allegations that they were *qualified* to bid for these proposals, they do not actually allege that they tried to bid or even would have bid for these proposals.

If Plaintiffs bid-rigging allegations are true, and if indeed Plaintiff did suffer injury from the scheme and can plead the injury sufficiently, then certainly Plaintiff likely has some cause of action to recover against Defendants. However, the UCL is not that cause of action.

### IV. CONCLUSION

The Court DENIES the motion to remand and GRANTS the motion to dismiss. Though amendment to the intentional tort claims would be futile, Plaintiffs can amend the complaint so far as they can allege injury caused to them by the bid-rigging scheme and a proper legal cause of action to seek

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-04046-SVW-PJW | Date | August 11, 2017 |
|---|---|---|---|
| Title | *Acumen Communications, Inc., et al. v. Motorola Solutions, Inc., et al.* | | |

recovery. Plaintiff has twenty-one (21) days to file an amended complaint. Failure to do so will result in dismissal with prejudice.